IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michael J. Wimmer, | : | |
| | : | Case No. 1:15-cv-241 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion to Dismiss |
| Gateway Funding Diversified Mortgage | : | or Stay Lawsuit |
| Services, L.P., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss, or, in the Alternative, Stay Lawsuit Pending Resolution of Plaintiff's Earlier Filed State Court Suit against Defendant (Doc. 5). Plaintiff Michael J. Wimmer alleges that he was terminated from his employment with Defendant Gateway Funding Diversified Mortgage Services, L.P. ("Gateway") in violation of the whistleblower protections in the Consumer Financial Protection Act of 2010 ("CFPA"), Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5567. Gateway moves to dismiss for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted. Alternatively, Gateway seeks the Court to stay this case pending the resolution of an earlier filed state court case. For the reasons that follow, the Court will **DENY** the Motion to Dismiss or Stay Lawsuit.

I. BACKGROUND

A. Underlying Facts

Only a few background facts alleged in the Complaint are necessary to adjudicate the Motion to Dismiss. Gateway, a full-service banking company, hired Wimmer to work as a business development specialist in its Springboro, Ohio office on or about December 16, 2013. (Doc. 1 at PageID 2–3.) On or about December 31, 2013, Mark Morgan, Gateway's branch

1

manager, called Wimmer at home and informed him that he had to complete continuing education modules for 2013 before the end of the day. Morgan offered to help Wimmer complete the modules, but Wimmer declined his offer believing such conduct to be fraudulent and a violation of banking laws. Wimmer completed the modules himself before the end of the day. (*Id.* at PageID 3.) Wimmer further alleges that on or about January 6, 2014 Morgan offered to complete another employee's education modules and falsely report the results. Wimmer told Morgan that he objected to his conduct because it was wrong and unlawful. (*Id.* at PageID 4.)

Wimmer reported Morgan's purportedly unlawful conduct to Gateway's management orally and in writing on or about January 29, 2014. (*Id.*) Three Gateway executives conferred with Wimmer that day and informed him they would investigate his allegations. (*Id.* at PageID 5.) Gateway terminated Wimmer's employment on or about February 4, 2014. Wimmer asserts that he was terminated at least in part for reporting Morgan's misconduct. (*Id.*)

**B.     History of the Administrative Proceedings**

Wimmer filed an administrative complaint with the Department of Labor on June 19, 2014. (Doc. 5-1 at PageID 38.)[1] In a letter dated March 6, 2015, the Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration ("OSHA"), issued written findings regarding Wimmer's administrative complaint hereinafter referred to as the initial findings. (Doc. 5-3 at PageID 52–55.) The Secretary of Labor concluded in the initial findings that Gateway had "provided a clear and convincing defense that supports their [*sic*] position that [Wimmer's] protected activity was not a

---

[1] Gateway has attached copies of the relevant documents from the administrative proceeding to its Motion to Dismiss. (Docs. 5-1, 5-2, and 5-3.) Wimmer does not dispute the authenticity or admissibility of the administrative proceeding documents, but rather relies on them in his Memorandum in Opposition. (Doc. 6 at PageID 87–90.) A district court may consider on a Rule 12(b)(6) motion "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation and citation omitted).

2

contributing factor in his termination of employment." (*Id.* at PageID 53.) The Secretary of Labor then "dismissed" the administrative complaint. (*Id.*) However, there is a typographical error in the initial findings in which the Secretary omitted the word "no" from the sentence "there is reasonable cause to believe that [Gateway] violated 12 U.S.C. 5567." (*Id.* at PageID 52.)

The Secretary of Labor then issued amended findings dated March 9, 2015 correcting the typographical error. (*Id.* at PageID 58–61.) The Secretary of Labor reiterated the previous conclusions, but also clarified that "there is *no* reasonable cause to believe that [Gateway] violated 12 U.S.C. 5567." (*Id.* at PageID 58–59 (emphasis added).) The Secretary of Labor informed Wimmer in both the initial and amended findings of his right to file written objections to the findings and to request a hearing before an administrative law judge within 30 days of the receipt of the findings. (*Id.* at PageID 54, 60.) The Secretary of Labor further stated that "[i]f no objections are filed, these [f]indings will become final and not subject to court review." (*Id.*)

Certified mail receipts obtained though freedom of information requests establish that Wimmer's attorney received the initial findings on March 9, 2015 and the amended findings on March 12, 2015. (*Id.* at PageID 56, 62–63.) Wimmer neither filed written objections to the initial or amended findings nor requested a hearing before an administrative law judge. Instead, he filed the instant lawsuit.

**C.     History of the Judicial Proceedings**

Wimmer filed the Complaint in this case on April 10, 2015. (Doc. 1.) He asserts only one claim for a violation of the CFPA, 12 U.S.C. § 5567, and other unspecified "relevant laws." (*Id.* at PageID 7–8.) Gateway has moved to dismiss or stay this case. The pending motion is ripe for adjudication.

In an earlier filed and separate case, Wimmer sued Gateway, Morgan, and John Doe defendants on July 1, 2014 in the Warren County, Ohio Common Pleas Court, Case No. 14cv85928.  (Doc. 5-4 at PageID 64–82.)  Wimmer initially asserted claims for violations of the Ohio Whistleblower Act and the Ohio Civil Rights Act, negligent hiring, retention or supervision, and intentional infliction of emotional distress in the state court case.  (*Id.*)  Wimmer later obtained leave to amend his complaint to add claims for sexual harassment and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq*.  *See Wimmer v. Gateway Funding Diversified Mort. Servs., L.P.*, No. 14cv85928, Entry Sustaining Motion for Leave to File First Amended Complaint (Warren Cty. C.P., Ohio Aug. 21, 2015); *Id.*, Motion for Leave to File First Amended Complaint (Aug. 20, 2015).  On August 25, 2015, the state court stayed the case "until the parties are able to determine whether this case will be consolidated with the currently pending federal case."  *Id.*, Entry and Order Granting Motion to Continue Mediation and Stay Case.

## II.     STANDARD OF LAW

Gateway moves to dismiss the Complaint in this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) authorizes a dismissal of a complaint where the district court lacks jurisdiction over the subject matter of the complaint.  *See* Fed. R. Civ. P. 12(b)(1).  The plaintiff has the burden of establishing the court's jurisdiction when a dismissal motion is filed under Rule 12(b)(1).  *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  The district court can "look beyond the jurisdictional allegations in the complaint and consider submitted evidence."  *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).  Finally, the district court can resolve factual disputes without converting a Rule 12(b)(1) motion to a motion for summary judgment.  *Rogers*, 798 F.2d at 915.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The district court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III.    ANALYSIS**

**A.    Failure to Exhaust Administrative Remedies**

Gateway's first argument for dismissal is that the Court lacks subject matter jurisdiction because Wimmer failed to exhaust administrative remedies required by the CFPA, 12 U.S.C. § 5567.

**1.    CFPA Procedures Explained**

The CFPA provides that a covered service provider cannot terminate or otherwise discriminate against a covered employee who has objected to or refused to participate in an activity or practice the employee reasonably believed to be in violation of the law. 12 U.S.C. § 5567(a)(4); *see also* 29 C.F.R. § 1985.102(a). An employee who believes he has been terminated from employment or discriminated against in violation of § 5567(a)(4) can file an administrative complaint within 180 days of the violation with the Secretary of Labor. 12 U.S.C. § 5567(c)(1)(A); *see also* 29 C.F.R. § 1985.103. The Secretary of Labor then provides both the

5

complainant and the respondent with notice and an opportunity to be heard. 12 U.S.C. § 5567(c)(1)(B); *see also* 29 C.F.R. § 1985.104. Next, within 60 days of the receipt of the administrative complaint, the Secretary of Labor must provide a written determination of whether there is reasonable cause to believe that the administrative complaint has merit. 12 U.S.C. § 5567(c)(2)(A)(ii); *see also* 29 C.F.R. § 1985.105 (authorizing the Assistant Secretary of Labor to issue the written determination).

Within 30 days after the date of the receipt of the written determination, the complainant or the respondent can file objections to the findings or preliminary order, or both, and request a hearing on the record. 12 U.S.C. § 5567(c)(2)(C); *see also* 29 C.F.R. §§ 1985.105(c) & 1985.106(a). "Any such hearing shall be conducted expeditiously, and if a hearing is not requested in such 30-day period, the preliminary order shall be deemed a final order that is not subject to a judicial review." 12 U.S.C. § 5567(c)(2)(C). The regulations further specify that "[a]ny party who desires review, including judicial review, of the findings and/or preliminary order . . . must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and preliminary order pursuant to 29 C.F.R. § 1985.105." 29 C.F.R. § 1985.106(a). The regulations echo the statute in providing that the findings or preliminary order will become a final decision not subject to judicial review if timely objections are not made. 29 C.F.R. § 1985.106(b). If a hearing is requested, the hearing will be held before an administrative law judge. 29 C.F.R. § 1985.107.

If a hearing is held, the Secretary of Labor must issue a final order providing relief or denying the administrative complaint within 120 after the conclusion of the hearing. 12 U.S.C. § 5567(c)(4)(A). A complainant or respondent adversely affected or aggrieved by a final order

may file a petition for judicial review with the appropriate federal court of appeals. 12 U.S.C. § 5567(c)(4)(E); 29 C.F.R. § 1985.112.

The CFPA also provides for a de novo review in the appropriate federal district court in limited circumstances under a subsection titled "Failure of the Secretary to Act." 12 U.S.C. § 5567(c)(4)(D)(i). This subsection provides as follows:

> If the Secretary of Labor has not issued a final order within 210 days after the date of filing of a complaint under this subsection, or within 90 days after the date of receipt of a written determination, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States having jurisdiction, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

*Id.*; *see also* 29 C.F.R. § 1985.114. Relevant to the parties' current dispute, the regulations specifically state that the complainant can file for de novo review in the appropriate district court "either (1) [w]ithin 90 days after receiving a written determination under § 1985.105(a) provided that there has been no final decision of the Secretary; or (2) [i]f there has been no final decision of the Secretary within 210 days of the filing of the complaint." 29 C.F.R. § 1985.114(a)(1) & (2).

### 2. Application of Statute and Regulations

Gateway's argument is straightforward. Wimmer filed his administrative complaint on June 19, 2014 in compliance with 12 U.S.C. § 5567(c)(1)(A) and 29 C.F.R. § 1985.103. The Secretary of Labor, acting through OSHA, filed a written determination in the form of initial findings dated March 6, 2015 pursuant to 12 U.S.C. § 5567(c)(2)(A) and 29 C.F.R. § 1985.105. The Secretary of Labor then issued amended findings dated March 9, 2015. Wimmer's attorney received the initial findings on March 9, 2015 and the amended findings on March 12, 2015. Wimmer had to file objections and request a hearing no later than April 11, 2015 if he intended

7

to seek judicial review of the initial or amended findings in the Court of Appeals.  *See* 12 U.S.C. § 5567(c)(2)(C); *see also* 29 C.F.R. §§ 1985.105(c) & 1985.106(a).  Wimmer did not file objections and a request for a hearing and therefore, Gateway argues, the amended findings are "deemed a final order that is not subject to a judicial review."  12 U.S.C. § 5567(c)(2)(C); *see also* 29 C.F.R. § 1985.106(b).  Gateway concludes that this Court lacks jurisdiction to proceed with a judicial review.

Wimmer, on the other hand, focuses on a different subsection entirely.  He argues that the de novo review provision set forth in 12 U.S.C. § 5567(c)(4)(D)(i) and 29 C.F.R. § 1985.114(a) is controlling.  Wimmer contends that he had the right to bring a direct action for de novo review on April 10, 2015 in this District Court because (1) it was within 90 days after his attorney received the initial and amended findings on March 9 and March 12, 2015, (2) there had been no "final decision" of the Secretary of Labor because less than thirty days had passed since Wimmer's attorney received the amended findings on March 12, 2015, and (3) more than 210 days had passed since he filed his administrative complaint.  *See* 12 U.S.C. § 5567(c)(4)(D)(i); 29 C.F.R. § 1985.114(a).

Upon consideration, the Court finds that it has jurisdiction to conduct a de novo review this matter.  The CFPA provides that a covered employee can file suit for de novo review in the appropriate district court if the Secretary of Labor does not issue a final decision within 210 days after the administrative complaint was filed.  12 U.S.C. § 5567(c)(4)(D)(i); 29 C.F.R. § 1985(a)(ii).  Wimmer filed the administrative complaint on June 19, 2014.  It is undisputed that the Secretary of Labor had not issued written findings nor a final decision by January 15, 2015 (210 days after June 19, 2014).  The Secretary of Labor's failure to act in a timely manner triggered Wimmer's right to seek de novo review in this Court.

Moreover, the Court finds that 12 U.S.C. § 5567(c)(2)(C) does not require a contrary result. The CFPA as written provides separate tracks and separate requirements to seek de novo review in the appropriate district court or judicial review in the appropriate court of appeals. Wimmer had the right pursuant to § 5567(c)(2)(C) to file objections and a request an administrative hearing within 30 days of receipt of the initial and amended findings. His failure to do so precluded him from seeking judicial review in the Sixth Circuit Court of Appeals pursuant to 12 U.S.C. § 5567(c)(4)(E); *see also* 29 C.F.R. § 1985.106(a). It did not prevent him from seeking de novo review in this Court on April 10, 2015 after more than 210 days had passed from the date the administrative complaint was filed without the issuance of a final decision. *Cf. Bogenschneider v. Kimberly Clark Global Sales, LLC*, No. 14-cv-743, 2015 WL 796672, at *2-3 (W.D. Wis. Feb. 25, 2015) (interpreting similar statutory scheme of 18 U.S.C. § 1514A to allow plaintiff to file suit in district court because agency did not issue a timely final decision even after the agency issued its initial decision); *Glista v. Norfolk So. Ry. Co.*, No. 13-04668, 2014 WL 1123374, at *3 (E.D. Penn. Mar. 21, 2014) (interpreting a similar statutory scheme in 49 U.S.C. § 20109 the same way).

For these reasons, the Court will not dismiss the case for failure to exhaust administrative remedies.

**B.     Failure to Plead Covered Employee and Covered Service Provider Status**

Gateway's second argument is that Wimmer failed to properly allege that he is a covered employee and Gateway is a covered service provider under 12 U.S.C. § 5567. Wimmer alleged only that he "was a covered employee of Gateway within the meaning of 12 U.S.C. § 5567" and that Gateway "was covered within the meaning of 12 U.S.C. § 5567." (Doc. 1 at PageID 1–2.) These threadbare, conclusory allegations are not sufficient to state a plausible claim for relief.

9

However, the Court also can consider the public records from the administrative proceedings to resolve this dismissal motion. *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). The Secretary of Labor made preliminary determinations that Wimmer and Gateway were covered under the CFPA, 12 U.S.C. § 5567, in the initial and amended findings. (Doc. 5-3 at PageID 52, 58.) These determinations are sufficient to satisfy Wimmer's pleading burden. The Court will not dismiss the case for failure to plead the elements of a CFPA claim.

C.  **Claim Splitting and Duplicative Litigation**

Gateway also argues Wimmer should not be permitted to proceed with the CFPA claim in this Court because his administrative complaint was pending in the Department of Labor and his state law claims were pending in the Warren County, Ohio Common Pleas Court when he filed this action. The Court disagrees.

The CFPA required Wimmer to file an administrative complaint with the Secretary of Labor. *See* 12 U.S.C. § 5567(c)(1)(A). As explained above, he timely filed his administrative complaint and then properly sought de novo review in this Court when the Secretary of Labor failed to issue a final decision within 210 days. *See* 12 U.S.C. § 5567(c)(4)(D)(i). He will not be barred from this Court when he followed the statutory scheme.

Regarding the state court action, Wimmer asserted a claim under the Ohio Whistleblower Act in the suit initiated on July 1, 2014. (Doc. 5-4 at PageID 64–82.) He had to file that state law claim within 180 days of the adverse employment action pursuant to the limitations period provided in Ohio Revised Code § 4113.52(D). However, Wimmer could not have pleaded a CFPA retaliation claim in July 2014 because 210 days had not passed from the date he filed the mandatory administrative complaint. The Court will not preclude Wimmer from bringing his CFPA retaliation claim in this separate lawsuit, even though the suits arise from a common

nucleus of operative facts, because he could not have filed both claims in one suit at the same time for procedural reasons. *Cf. Whitfield v. City of Knoxville*, 756 F.2d 455, 461 (6th Cir. 1985) (holding that a federal age discrimination claim was not barred by claim preclusion and a first-filed suit when federal law required the plaintiff to first exhaust administrative remedies); *Murray v. UBS Sec., LLC*, No. 14 CIV. 927 KPF, 2015 WL 769586, at *4 (S.D.N.Y. Feb. 24, 2015) ("[A] plaintiff cannot be precluded from litigating a claim on the basis of an earlier claim where, for factual or procedural reasons, he could not bring the later claim at the same time as the earlier claim.")

**D.     Staying this Action**

Finally, Gateway argues that this case should be stayed during the pendency of the state court case pursuant to the *Colorado River* abstention doctrine as applied in *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998).[2] However, recent developments in the state court case undermine the purported need to stay this federal case. Gateway informed the state court judge that it intends to remove the state case to this District Court and request that the cases be consolidated now that Wimmer has added federal Title VII claims to the state court case. *Wimmer v. Gateway Funding Diversified Mort. Servs., L.P.*, No. 14cv85928, Motion to Continue Mediation and Stay Case (Warren Cty., Ohio C.P. Aug. 20, 2015). Judge Michael E. Gilb, accordingly, stayed the state court case. *Id.*, Entry and Order Granting Motion to Continue Mediation and Stay Case (Aug. 25, 2015). The Court, therefore, will not stay this federal case.

---

[2] The Supreme Court held in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976), that federal courts could abstain from exercising jurisdiction in the face of the contemporaneous exercise of state court jurisdiction based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River* abstention is only appropriate where the state and federal court actions are parallel. *Romine*, 160 F.3d at 339.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or, in the Alternative, Stay Lawsuit Pending Resolution of Plaintiff's Earlier Filed State Court Suit against Defendant (Doc. 5) is **DENIED**.

IT IS SO ORDERED.

                                        S/Susan J. Dlott_____
                                        Judge Susan J. Dlott
                                        United States District Court