IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michael J. Wimmer, | : | |
| | : | |
| Plaintiff, | : | Case Nos. 1:15-cv-241 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Gateway Funding Diversified Mortgage | : | Order Denying Motion to Dismiss |
| Services, L.P., *et al.*, | : | Counterclaim |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Motion to Dismiss Counterclaim filed by Defendant Gateway Funding Diversified Mortgage Services, L.P. ("Gateway"). (Case No. 1:15-cv-601, Doc. 12.)[1] Plaintiff has asserted multiple claims against Gateway, his former employer, following his termination from employment. Gateway has denied wrongdoing and has alleged in its Counterclaim that Plaintiff "breach[e]d his duty of loyalty to Gateway and act[ed] as a faithless servant" under Ohio law. (Case No. 1:15-cv-601, Doc. 10-1 at PageID 313–14.)

Plaintiff asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Gateway has failed to state a claim upon which relief can be granted. The Court disagrees. The case Plaintiff cites in support, *Kamlani v. A.C. Leadbetter & Sons, Inc.*, No. L-05-1277, 2006 WL 1120959 (Ohio App. Apr. 28, 2006), analyzes a faithless servant claim at the summary judgment stage. *Kamlani* is not dispositive on the issue of Gateway's pleading burden.

Ohio law recognizes a duty for an employee to act "in the utmost good faith and loyalty towards his employer." *Extracorporeal Alliance, L.L.C. v. Rosteck*, 285 F. Supp. 2d 1028, 1044 (N.D. Ohio 2003) (citations omitted), *aff'd*, 113 F. App'x 98 (6th Cir. 2004). The duty is

---

[1] On December 4, 2015, Case No. 1:15-cv-601 was consolidated with an earlier-filed case between the same parties, Case No. 1:15-cv-241. All filings after December 4, 2015 will be made in Case No. 1:15-cv-241.

1

breached when an employee competes with his employer. *Id.* Gateway alleges in its Counterclaim that Plaintiff "conducted unauthorized business activities prior to the termination of his employment with Gateway that were solely for his benefit and designed to harm Gateway, . . . including but not limited to efforts to steer loans to other lenders for which Gateway would not receive commissions." (Case No. 1:15-cv-601, Doc. 10-1 at PageID 313.) Gateway seeks to recover from Plaintiff "the amount of his Gateway compensation that he failed to earn due to his unfaithfulness and his misconduct as a faithless servant." (*Id.* at PageID 314.) Given the circumstances of this case, including that Plaintiff was employed at Gateway for only a short period of time, these allegations constitute a sufficient "short and plain statement of the claim" under Rule 8 of the Federal Rules of Civil Procedure to withstand the dismissal motion.

Accordingly, Plaintiff's Motion to Dismiss Counterclaim (Case No. 1:15-cv-601, Doc. 12) is **DENIED**.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court